T.C. Summary Opinion 2001-17


UNITED STATES TAX COURT


ANTHONY J. TAYLOR, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13049-98S.                Filed February 22, 2001.


Anthony J. Taylor, pro se.

Robert W. Dillard, for respondent.


CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for 1996. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a $1,760 deficiency in petitioner's 1996 Federal income tax. The issue for decision is whether gain realized on the sale of petitioner's residence is excludable from his gross income.

Background

Some of the facts have been stipulated and are so found. Petitioner filed a timely 1996 Federal income tax return. At the time the petition was filed, petitioner resided in Daytona Beach, Florida.

Petitioner was born in New Jersey in 1931. Since the late 1960's until his retirement, petitioner was employed as a truck driver. He was married to Ann Maureen Taylor (Ms. Taylor) until their divorce in November 1981.

In 1969, petitioner and Ms. Taylor purchased a house located at 207 Squaw Trail, Hopatcong, New Jersey, for $21,500 (the New Jersey residence). After substantial improvements were completed, petitioner and Ms. Taylor moved in and raised their four children there.

Pursuant to their divorce, petitioner and Ms. Taylor each received a one-half interest in the New Jersey residence. Ms. Taylor died in September 1982. Petitioner's four children inherited her interest in that property. On various dates between September 1984 and December 1986, each of petitioner's children sold or otherwise formally transferred his or her

interest in the New Jersey residence to petitioner; as of the latter date and until the date it was sold, petitioner was its sole owner and occupant.

In 1982, petitioner began a regular practice of visiting one of his sons in Florida during those winter months when it was too cold for petitioner to work in New Jersey. During these visits, petitioner stayed at his son's residence in Daytona Beach, Florida.

In 1988, petitioner purchased investment property in Daytona Beach, Florida (the Florida property). The property consists of two small apartment buildings and two cottages. Petitioner's son moved into one of the apartments there (the apartment) and managed the Florida property for petitioner. The two cottages and other apartments were rented to third parties. Thereafter, when petitioner traveled to Florida for the winter months, he stayed with his son at the apartment.

Sometime during 1991, petitioner decided to work as a truck driver in Florida during the winter months. In order to do so, he was required to obtain a Florida commercial driver's license and register his truck in that State. In 1992, he did both and began to work in Florida that winter. Petitioner expected to be in Florida at the time of the November 1992 presidential election so earlier that year he registered to vote in Florida.

As it turned out, the income petitioner earned in Florida

during the winter months was sufficient to support him for the entire year. He stopped working in New Jersey and did not file a New Jersey State income tax return for those years that he had no income earned from employment within that State. Petitioner's 1994, 1995, and 1996 Federal income tax returns were filed listing the apartment as petitioner's address; the Schedules C, Profit or Loss From Business, included with those returns also listed the apartment as the address of petitioner's business. Forms 1099 issued to petitioner by third parties for those years were sent to the apartment.

From 1992 to 1996, although he no longer worked in New Jersey, petitioner returned to the New Jersey residence in the spring and remained there through the summer and some of the fall seasons each year. During those years he was the only occupant of the house. The utilities always remained in service and the house always remained furnished. With the exception of some clothing and an automobile that he kept in Florida, petitioner kept his personal belongings at the New Jersey residence. Petitioner's children who lived in New Jersey watched the New Jersey residence when petitioner was in Florida, but none of the children lived there or had keys to it.

Petitioner sold the New Jersey residence on July 5, 1996, for $85,000. In connection with the sale, petitioner received $21,000 in cash and a note from the purchasers. The note is

secured by a mortgage held by petitioner.  In 1996, petitioner received principal payments totaling $937 in connection with the above-referenced note.

After he sold the New Jersey residence, petitioner moved all of his furniture and other items of personal property from the New Jersey residence to the apartment.  His son moved out of the apartment, and petitioner began to manage his Florida property.  From that point on he no longer regularly spent extended periods in New Jersey.  In 1996, petitioner sold his truck and effectively retired as a commercial driver.  In 1997, petitioner moved from the apartment to another residence he purchased in Florida.

Petitioner did not include any gain on the sale of the New Jersey house in the income he reported on his 1996 Federal income tax return.  In the notice of deficiency, respondent determined that petitioner realized a gain on the sale (computed by using the original purchase price as petitioner's basis), allowed installment sale treatment, and adjusted petitioner's income accordingly.  Other adjustments made in the notice of deficiency are not in dispute.

## Discussion

Generally, the gain realized on the sale of a personal residence is includable in the taxpayer's income.  See secs. 61(a)(3), 1001(c).  At the election of the taxpayer, however, and

subject to conditions and limitations then in effect and not in dispute in this case, gross income does not include gain from the sale of property if during the 5-year period ending on the date of the sale, the property has been owned and used by the taxpayer as the taxpayer's principal residence for periods aggregating 3 years or more.  See sec. 121(a).[1]

Petitioner claims that the New Jersey residence was his principal residence from the time that he and his wife purchased it until the date in 1996 when he sold it.  Relying upon section 121(a), petitioner argues that any gain realized from the sale of that house is therefore excludable from his income.  According to respondent, the exclusion provided in section 121(a) does not apply to the sale of the New Jersey residence because that house was not petitioner's principal residence for the requisite period prescribed in the statute.

According to respondent, as of no later than the close of 1992, the New Jersey residence was no longer petitioner's principal residence.  Respondent points out that at that time, petitioner held a Florida driver's license, had his truck registered in that State, was registered to vote there, and spent significant amounts of time in Florida during 1992 and each year thereafter.  Respondent also points out that starting in 1994,

_____

[1] Sec. 121 was amended by sec. 312 of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 836, effective for sales and exchanges after May 6, 1997.

petitioner filed his Federal income tax returns using a Florida address and did not file New Jersey State income tax returns after he stopped doing business in New Jersey.

Whether a taxpayer's residence qualifies as the taxpayer's principal residence for purposes of section 121 is a question of fact that is resolved with reference to "all the facts and circumstances in each case, including the good faith of the taxpayer."  Sec. 1.1034-1(c)(3)(i), Income Tax Regs.; see also Thomas v. Commissioner, 92 T.C. 206, 244 (1989); Clapham v. Commissioner, 63 T.C. 505, 508 (1975); sec. 1.121-3(a), Income Tax Regs.

The factors relied upon by respondent in support of his position are certainly relevant to the question before us, but they are not determinative, particularly when weighed against petitioner's explanation for each event, his personal situation during the relevant periods, and petitioner's use of the New Jersey residence, as his residence for the entire time that he owned it.

The New Jersey residence was purchased by petitioner for use as a personal residence and it was consistently owned and used by him for that purpose until he sold it.  It remained fully furnished, and the majority of petitioner's personal property was located there until it was sold.  The New Jersey residence was never rented to others or held for rent to others.  Nor was it

used or occupied by petitioner's children after they had otherwise moved from it.

From 1992 until July 1996, petitioner, a native of New Jersey, was making a gradual transition from living and working in New Jersey to retirement in Florida.  While he spent time at both locations, he never abandoned his New Jersey residence. After purchasing the Florida property, he routinely returned to live at the New Jersey residence for the spring, summer, and portions of the fall.

Taking into account all of the facts and circumstances presented, we are satisfied that during the period from July 1991 to July 1996, petitioner used the New Jersey residence as his principal residence for at least 36 full months.  See sec. 1.121-1(c), Income Tax Regs.  We therefore find that it was petitioner's principal residence, as that term is used in section 121, for the requisite period prescribed by that section. Accordingly, petitioner is entitled to exclude from his 1996 gross income the gain realized on the sale of the New Jersey residence, and we so hold.

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing,

Decision will be

<u>entered for petitioner</u>.
